# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

DONTAE TERRELL EBRON, #1202596,

        Petitioner,

v.                                                                                    Action No. 2:25cv439

JOSEPH WALTERS,
Director of the Virginia Department of Corrections,[1]

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Petitioner, Donte Terrell Ebron ("Ebron"), a Virginia state prisoner proceeding *pro se*, petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 14, 2025. ECF No. 1. Respondent moved to dismiss the petition on September 18, 2025. ECF Nos. 9–11. For the reasons discussed below, the undersigned **RECOMMENDS** that respondent's motion to dismiss, ECF No. 9, be **GRANTED**, and the petition, ECF No. 1, be **DENIED** and **DISMISSED WITHOUT PREJUDICE** to allow Ebron to present his unexhausted claims of actual innocence in state court.

---

[1] Joseph Walters is the Director of the Virgina Department of Corrections and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

## I.     STATEMENT OF THE CASE

On February 14, 2007, Ebron was convicted by a jury in the Circuit Court for the City of Norfolk ("circuit court") of first-degree murder and use of a firearm in the commission of a felony. ECF No. 11-1, at 1. That same day, he was sentenced to 30 years of incarceration to be followed by 10 years of post-release supervision. *Id.* at 2.

Ebron timely appealed to the Court of Appeals of Virginia, asserting that the circuit court erred by permitting hearsay testimony into evidence. ECF No. 11-2, at 8. In a two-page opinion on June 24, 2008, the Court of Appeals of Virginia found that the admission of this evidence was harmless error and affirmed the convictions. ECF No. 11-3, at 40–41. On July 24, 2008, Ebron appealed to the Supreme Court of Virginia. *Id.* at 43. The petition for appeal was refused by the Supreme Court of Virginia on November 6, 2008. *Id.* at 89.

On October 19, 2009, Ebron petitioned *pro se* for a writ of habeas corpus in the circuit court raising five ineffective assistance of counsel claims, including that his trial counsel was ineffective for failing to subpoena a witness, James Pearson, to testify at trial. ECF No. 11-4, at 2–3. The circuit court found that none of Ebron's claims satisfied the *Strickland v. Washington* standard and dismissed the petition on March 5, 2010. *Id.* at 1–16. Supreme Court of Virginia case records indicate that Ebron did not appeal this decision.[2]

On February 12, 2025, Ebron moved to "Vacate, Set Aside, or Correct Sentence" in the circuit court asserting six grounds, one of which re-raised his claim that his trial counsel was

---

[2] A search of the Supreme Court of Virginia's records reveals only Ebron's direct appeal that was refused on November 6, 2008. Supreme Court of Virginia, *Appellate Case Management System,* https://eapps.courts.state.va.us/acms-public (select "Appellant/Petitioner" under "Inquiry"; then select "both" under "Status" and enter "Ebron" into the "Name" box; then hit "Search") (noting that searching Ebron's full name will show no results).

ineffective because he failed to subpoena James Pearson to testify. ECF No. 11-5, at 1–7. The circuit court has yet to rule on this petition.[3]

Ebron placed his federal petition for a writ of habeas corpus into the prison mailing system on July 8, 2025, and it was filed on July 14, 2025. ECF No. 1, at 15–17. Ebron asserts the following grounds in his federal petition: (1) Ebron has received newly discovered evidence in the form of an affidavit from an alleged witness of the murder proving that another person, Stacey Cherry, committed the murder; and (2) Ebron was denied effective assistance of counsel at trial when his trial counsel failed to subpoena James Pearson to testify at trial even though he was "threatened by Stacey Cherry to come to court and lie on [Ebron]." *Id.* at 5, 7. Respondent moved to dismiss the petition on September 18, 2025, with a memorandum in support. ECF Nos. 9–11. Ebron did not reply.

## II.    ANALYSIS

### A.    *Unless he can demonstrate actual innocence, Ebron's petition is barred as untimely.*

The AEDPA imposes a one-year statute of limitations on state prisoners seeking to file a federal habeas corpus petition and specifies four starting dates for this one-year period, two of which are at issue here. 28 U.S.C. § 2244(d)(1). Ordinarily, state prisoners must file a federal habeas corpus petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). However, the statute of limitations may begin to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise

---

[3]    Virginia   Courts   Case   Information, *Norfolk   Circuit   –   Civil   Division,* https://eapps.courts.state.va.us/CJISWeb/circuit.jsp (select "Norfolk Circuit Court" from the dropdown menu and select "Begin"; then select "Civil" and enter "CL25001323-00" into the "Case Number" box and hit "Case Number Inquiry").

3

of due diligence." *Id.* § 2244(d)(1)(D). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2).

In this case, the conclusion of direct review occurred on February 4, 2009, 90 days after the Supreme Court of Virginia denied Ebron's petition for appeal on November 6, 2008. ECF No. 11-3, at 89; Sup. Ct. R. 13(1), (3); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). 257 days passed before Ebron filed his state court habeas petition on October 19, 2009, in the circuit court. ECF No. 11-4, at 2–3. The statute of limitations was tolled until March 5, 2010, when the circuit court denied the petition. *Id.* at 1–16; 28 U.S.C. § 2244(d)(2). Another 14 years and 348 days passed before Ebron filed his motion to vacate his convictions in the circuit court on February 12, 2025. ECF No. 11-5, at 1–5. Accordingly, Ebron's federal petition was filed long after the one-year deadline following the conclusion of Ebron's direct appeal.

Ebron has also not demonstrated that this limitations period should have commenced later when he discovered the affidavit provided by a new witness, Michael Thornton ("Thornton"). To apply the delayed commencement of the statute of limitations under 28 U.S.C. § 2244(d)(1)(D), a petitioner must have exercised due diligence to discover the factual predicate of the claim. "Whether a petitioner has exercised due diligence is a fact-specific inquiry unique to each case. A petitioner bears the burden to prove that he or she exercised due diligence." *Cummins v. Smith*, No. 3:23cv445, 2025 WL 777666, at *3 (E.D. Va. Mar. 11, 2025) (citations omitted). Ebron claims that he "did not know [Thornton] existed until recently, within this year." ECF No. 1, at 5. This unsupported statement is insufficient to meet Ebron's burden of proof that he has exercised due diligence because "a petitioner must offer some evidence that he acted with due diligence."

4

*Cummins*, 2025 WL 777666, at *4. The petition includes no information demonstrating how Ebron diligently pursued this lead or when he actually discovered the evidence. Ebron's petition is therefore untimely.

Ebron's untimely claims could still be reviewed if he can make a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013). Ebron's petition includes Thornton's affidavit, dated December 26, 2024, with the following statement:

> On or about, May 6th 2005 I saw Stacey Cherry shoot and kill Ronald Lee Marcus, Ron Lee. I was standing on Grandy ave[nue] that evening and I saw Stacey Cherry in the car with Ron Lee. Ron Lee was in the drive[r']s seat and Stacey Cherry was in the passenger seat. No one else was in the car. They parked in a white car across the street from a duplex [apartment] a[]lot of us used to hang at. Stacey Cherry got out [of] the car and walked around the back of the car and went to open the back driver[']s side door and reach inside the car like he was grabbing something, then when Stacey stood up from reaching in the car he pulled a silver looking gun out and shot Ron Lee in the back of the head. When I saw that I took off running. Dontae Ebron was convicted of murdering Ronald Lee Marcus but Dontae Ebron did not do it. He wasn't even in the car or near where the murder happened. Stacey Cherry killed Ronald Lee Marcus.

ECF No. 1-1. Ebron asserts that Thornton's affidavit coupled with "the statement James Pearson made to Homicide Detective Ford would [have] been enough that any trier of facts would [have] found [Ebron] innocent." ECF No. 1, at 13. As is discussed below, this claim of actual innocence is unexhausted and because an avenue for exhaustion remains, the Court need not address the merits of Ebron's actual innocence claim as an avenue to excuse his untimely petition.

**B.**     ***Ebron's petition presents a mixture of exhausted and unexhausted claims and should therefore be dismissed without prejudice.***

   **1.     The requirements for exhaustion of state court remedies and the rule of simultaneous exhaustion and procedural default.**

A federal court cannot grant a writ of habeas corpus to a person in custody pursuant to a state court judgment unless that person "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion doctrine ensures that state courts have a

meaningful opportunity to consider claims alleging constitutional violations before those claims are presented to a federal court. *Rose v. Lundy*, 455 U.S. 509, 515 (1982). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court [are] the same as those advanced at least once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991). Exhaustion may be achieved either through direct appeal or in post-conviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)).

"A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000); *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (describing the procedural default doctrine as a "distinct but related limit on the scope of federal habeas review"). Simultaneous exhaustion and procedural default occur "when a habeas petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Breard*, 134 F.3d at 619 (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). In that case, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim." *Baker*, 220 F.3d at 288 (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).

Before finding a procedural default, it must be "clear" that the pertinent claims are now procedurally barred based on a state law providing an independent and adequate ground for dismissal. *Gray*, 518 U.S. at 161–62 (quoting *Castille v. Peoples*, 489 U.S. 346, 351 (1989)); *Breard*, 134 F.3d at 619 (citing *Coleman*, 501 U.S. at 731–32). "A state procedural rule is adequate

6

if it is regularly or consistently applied by the state courts." *McNeill v. Polk*, 476 F.3d 206, 211 (4th Cir. 2007) (citing *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988)). A state procedural rule "is independent if it does not depend on a federal constitutional ruling." *Id.* (citing *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)).

In order to obtain federal review on the merits of a petition, a petitioner may overcome procedural default if he demonstrates "cause for the default and actual prejudice as a result of the alleged violation of federal law, or . . . that failure to consider the claims will result in a fundamental miscarriage of justice." *Savino v. Murray*, 82 F.3d 593, 602 (4th Cir. 1996) (quoting *Coleman*, 501 U.S. at 750). "To establish cause, the prisoner must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Shinn v. Ramirez*, 596 U.S. 366, 379 (2022). Cause also encompasses the ineffective assistance of counsel and novel claims. *Clozza v. Murray*, 913 F.2d 1092, 1104 (4th Cir. 1990). Prejudice is established by showing "not merely a substantial federal claim, such that 'the errors at . . . trial created a *possibility* of prejudice,' but rather that the constitutional violation 'worked to his *actual* and substantial disadvantage.'" *Shinn*, 596 U.S. at 379–80.

In the event that a petition contains both exhausted and unexhausted claims—a mixed petition—the Court ordinarily must dismiss the petition. *Rhines v. Weber*, 544 U.S. 269, 273–78 (2005). In limited circumstances, when the petitioner shows good cause for the failure to exhaust and the claims are not plainly meritless, the court may choose to stay the case until the petitioner has exhausted state remedies. *Id.* at 277.

7

2.    **Ebron's petition presents an unexhausted claim in ground one and a procedurally defaulted claim in ground two.**

Ebron failed to exhaust his state court remedies for his claim in ground one. This claim alleges that he has discovered new evidence which would prove his innocence or would have "raised doubt needed to not bring a guilty verdict." ECF No. 1, at 5, 13. In Virgina, a person convicted of a felony has a right to file a writ of actual innocence in the circuit court that entered their conviction and to appeal that court's decision to both the Court of Appeals of Virginia and the Supreme Court of Virginia. Va. Code Ann. § 19.2-327.10; Va. Sup. Ct. R. 5A:5(b). A writ of actual innocence is the only way to present such a claim for review in Virginia. *See Brown v. Booker*, 826 S.E.2d 304, 307 (Va. 2019); *In re Phillips*, 822 S.E.2d 1, 5–8 (Va. 2018) (explaining the differences between a petition for a writ of habeas corpus, a motion to vacate, and a petition for a writ of actual innocence). There is no time limit for filing for such relief. Va. Code Ann. §§ 19.2-327.10–327.14; *In re Phillips*, 822 S.E.2d at 6–7 (explaining that "[t]he actual innocence statutes were created as an exception to Virginia's 21-day finality rule" where before the only remedy when new evidence was discovered was executive clemency). Ebron has not done so.[4] Accordingly, Ebron has failed to exhaust his state court remedies with respect to ground one. 28 U.S.C. § 2254(c).

Turning to ground two, this ground alleges that Ebron's trial counsel failed to provide effective assistance of counsel at trial because he did not subpoena James Pearson to testify. ECF No. 1, at 7. This same issue was raised when Ebron filed his petition for a writ of habeas corpus

---

[4] Ebron's motion to vacate his sentence in circuit court does not include the issue of actual innocence. *See* ECF No. 11-5. However, even if it had, this claim would still not be exhausted because an actual innocence argument can only be made through a writ of actual innocence. *See Brown*, 826 S.E.2d at 307; *In re Phillips*, 822 S.E.2d at 5–8.

8

in 2009 and in his recent motion to vacate his sentences. ECF No. 11-4, at 2–3; ECF No. 11-5, at 4–5. However, this issue was never presented to the Supreme Court of Virginia as he did not appeal the denial of his 2009 habeas petition and his motion to vacate is pending in the circuit court. The claim in ground two has not been exhausted.

Ebron's claim in ground two has also been procedurally defaulted. Ebron failed to appeal the circuit court's decision to deny his 2009 petition for a writ of habeas corpus, and the time to appeal has long passed. Va. Code Ann. § 8.01-675.3. Ebron would be barred from filing a new petition for a writ of habeas corpus on this ground because Virginia does not permit successive petitions "on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." Va. Code Ann. § 8.01-654(B)(2). The Fourth Circuit has "held on numerous occasions that the procedural default rule set forth in [section] 8.01-654(B)(2) constitutes an adequate and independent state-law ground for decision." *Joyce v. Mathena*, 636 F. App'x 615, 616 (4th Cir. 2016) (quoting *Mackall v. Angelone*, 131 F.3d 442, 446 (4th Cir. 1997)). Ebron presented the same claim in his 2009 petition to the circuit court, ECF No. 11-4, at 1–16, and is now barred from relitigating it, Va. Code Ann. § 8.01-654(B)(2). Thus, ground two is unexhausted but is now procedurally defaulted.

To overcome this procedural default, Ebron would have to demonstrate cause and actual prejudice or a fundamental miscarriage of justice. *Savino*, 82 F.3d at 602. In his federal petition, Ebron explained that he did not exhaust ground two because he "did not know how to file anything in the Courts." ECF No. 1, at 7, 12. Ignorance of the law, and by extension the rules of procedure, does not excuse a simultaneous exhaustion and procedural default. *See Wilson v. Clarke*, No. 3:19cv657, 2020 WL 4680139, at *8 (E.D. Va. Aug. 12, 2020) (finding that ignorance of the law

9

was not a good cause to excuse the petitioner's "failure to properly present his claims to the Supreme Court of Virginia").

However, Ebron has alleged that the testimony of James Pearson coupled with Thornton's affidavit would have been enough to either exonerate him or to bring enough doubt to support a not guilty verdict. ECF No. 1, at 5, 13. Actual innocence may provide a petitioner with an exception to procedural bars such as the statute of limitations and procedural default. *McQuiggin*, 569 U.S. at 393–94 (holding that the fundamental miscarriage of justice exception applies to 28 U.S.C. § 2244(d)(1)); *Schlup v. Delo*, 513 U.S. 298, 314–15 (1995) (ruling that a fundamental miscarriage of justice, if shown, can overcome a procedural default).

Ebron still has the ability to raise his actual innocence claim in state court and comity dictates that the Virginia courts be given the opportunity to first hear this claim before a federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). Given that this is an untimely, mixed petition and Ebron's ability to raise his procedurally defaulted claim may depend on the resolution of his unexhausted actual innocence claim, Ebron should be allowed to present the substance of that claim to the Virginia courts first. *Fitzgerald v. Clarke*, No. 2:17cv337, 2017 WL 6945280, at *3–4 (E.D. Va. Dec. 8, 2017) (recommending that the petitioner's mixed petition with an unexhausted claim of actual innocence be dismissed without prejudice to allow for exhaustion), *report and recommendation adopted*, 2018 WL 406253 (E.D. Va. Jan. 12, 2018); *Vaughan v. Clarke*, No. 3:22cv784, 2023 WL 7545225, at *1 (E.D. Va. Nov. 13, 2023). The Court therefore recommends that Ebron's petition be dismissed without prejudice to allow him to exhaust this claim in state court.

10

### III.    RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that respondent's motion to dismiss, ECF No. 9, be **GRANTED,** and the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

### V.    REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.    Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure.  Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three days, if service occurs by mail.  A party may respond to any other party's objections within fourteen days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2.    A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
April 28, 2026

**Clerk's Mailing Certificate**

A copy of the foregoing was provided electronically to counsel for respondent and was

mailed this date to:

> Dontae Terrell Ebron, #1202596
> VA DOC Centralized Mail Distribution Center
> 3521 Woods Way
> State Farm, VA 23160

Fernando Galindo, Clerk

By  /s/ J.L. Meyers
_____
Deputy Clerk

April __28__, 2026

13